UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK M. CAMACHO,

                Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. 2:16-cv-01202-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

      On May 14, 2013, plaintiff filed an application for SSI benefits, alleging he became disabled beginning January 1, 2004. Dkt. 9, Administrative Record (AR), 20. That application was denied on initial administrative review and on reconsideration. *Id.* At a hearing held before

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

an Administrative Law Judge (ALJ), plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 38-81. Also at the hearing, plaintiff amended his alleged onset date of disability to May 14, 2013. AR 20.

In a written decision dated March 6, 2015, the ALJ found that plaintiff could perform both his past relevant work and other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 20-33. On June 15, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed in a complaint with this Court on August 2, 2016. AR 1; Dkt. 1-3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the medical opinion evidence from William Wilkinson, Ed.D., Jan Lewis, Ph.D., and Eugen Kester, M.D.;

(2) in assessing plaintiff's residual functional capacity (RFC); and

(3) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion evidence from Drs. Lewis and Kester, and therefore in assessing plaintiff's RFC and in finding he could perform other jobs existing in significant numbers in the national economy. Remand for further administrative proceedings is thus warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986);

ORDER - 2

*see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.   The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

ORDER - 3

595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of*

ORDER - 4

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion evidence from Dr. Lewis and Dr. Kester the ALJ found:

> Dr. Lewis, the State agency psychological consultant, found in August 2013 that the claimant retained the capacity to understand and remember simple instructions. He was capable of performing simple work-related tasks although concentration, persistence and pace "will occasionally wane in response to psych." His psychiatric symptoms "will interfere with reliability of attendance and capacity to tolerate working closely with others without distraction." He would work best away from the public and with limited coworker interaction. He would benefit from additional time in learning new tasks at work. He would profit from hands-on and demonstration for instruction. He could reach the goals set by others in the workplace.
>
> Dr. Kester, another State agency psychological consultant, affirmed Dr. Lewis's findings. I give partial weight to the opinions of Dr. Lewis and Dr. Kester. The record contains evidence they did not see, that indicates the claimant is far more capable than they have assessed. In addition, as an Administrative Law Judge, I am tasked with assessing the most the claimant can do, not in identifying situations where he would "work best."

AR 30-31 (internal citations and footnote omitted). Plaintiff argues, and the Court agrees, that in rejecting both medical sources' opinions that plaintiff's concentration, persistence, and pace will occasionally wane, and that his psychiatric symptoms will interfere with reliability of attendance and the capacity to tolerate working closely with others without distraction, on the basis that the record "contains evidence they did not see," the ALJ erred, as it is not at all clear what evidence in record the ALJ is referring to here. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing

ORDER - 5

nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

Defendant asserts plaintiff's argument lacks merit, because the ALJ is not required to discuss every piece of evidence, but only that which is significant and probative. Defendant goes on to state that "[e]ven when an agency explains its decision with less than ideal clarity," the Court "must uphold it if the agency's path may reasonably be discerned." Dkt. 12, p. 12 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). This, however, is a far cry from what the ALJ provided in terms of an explanation, which was essentially none, and from which no actual path can reasonably be discerned. As such the Court is without a proper basis to determine if the ALJ's rejection of the above opinions is supported by substantial evidence.[2]

II.     The ALJ's Assessment of Plaintiff's RFC

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

---

[2] On the other hand, the Court finds no error in the ALJ rejecting Dr. Lewis's and Dr. Kester's opinion that plaintiff would work best away from the public and with limited coworker interaction, would benefit from additional time in learning new tasks at work, and would profit from hands-on and demonstration for instruction, on the basis that he is tasked with assessing the most plaintiff can do, and not on identifying situations where he would work best. Each of these assessments indicate, as defendant points out, what would seem to be plaintiff's "ideal working environment," rather than what he is maximally capable of doing. Dkt. 12, p. 13 (quoting Social Security Ruling (SSR) 96-8p, 1996 WL 374184 ("RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis")).

ORDER - 6

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case assessed the following mental RFC:

> **he is able to understand, remember and carry out simple, routine and repetitive tasks; no tandem tasks or tasks involving a cooperative team effort; he would be able to adapt to routine changes in workplace setting [sic]; contact with the general public is not an essential element of any task; however, occasional, superficial contact not [sic] precluded.**

AR 26 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the medical opinion evidence from Dr. Lewis and Dr. Kester, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's limitations.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's

ORDER - 7

testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 32-33. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.[3]

III.   Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

---

[3] Although plaintiff does not expressly contest the ALJ's additional determination regarding his ability to perform his past relevant work at step four of the sequential disability evaluation process (AR 31-32), the ALJ's errors in evaluating the medical opinion evidence from Dr. Lewis and Dr. Kester and in assessing plaintiff's RFC necessarily call into question that finding as well.

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to the medical opinion evidence, plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 31st day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9